**DENY; Opinion Filed January 22, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01509-CV

### IN RE SECURITY SYSTEMS, INC., Relator

**Original Proceeding from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-15848**

# MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Evans
Opinion by Justice Reichek

Before the Court is relator Security Systems, Inc.'s December 9, 2019 petition for writ of

mandamus seeking relief from the trial court's November 13, 2019 sanction order. Among other

things, the trial court ordered (1) a show cause hearing at which a corporate representative of SSI

was to appear, (2) a forensic examination of SSI's electronic devices to be paid for by SSI, and (3)

SSI to produce its corporate president and two other employees, who all reside out of state, for

depositions in Dallas.[1] In addition, the trial court struck all SSI's objections to respondent Global

Alarm Protection, Inc.'s First and Second Requests for Production.

---

[1] Although not briefed by the parties, the trial court's order requiring the appearance of out-of-state witnesses who are not parties, corporate officers, or representatives to appear for depositions in Texas could potentially present a jurisdictional issue with respect to enforcement. This issue is not ripe for determination at this point. Nevertheless, we do not question the trial court's jurisdiction to use alternative means, including requiring SSI to pay relator's expenses to travel for the depositions as opposed to having the witnesses travel to Texas.

To be entitled to mandamus relief, relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). After reviewing the petition, the mandamus record, real party's response, and relator's reply, we conclude relator has not shown it is entitled to the relief requested. Accordingly, we deny relator's petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

We lift the stay issued by this Court on December 10, 2019.


/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

191509F.P05